IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HT SMITH, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:17-cv-00409-MTT-MSH |
| Warden CEDRIC TAYLOR, *et al.*, | : | |
| Defendants. | : | |

## ORDER OF DISMISSAL

Plaintiff HT Smith, a prisoner confined at the Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil action seeking relief under 42 U.S.C. § 1983 (ECF No. 1). For the following reasons, the Court finds that Plaintiff's Complaint must be **DISMISSED without prejudice.** Plaintiff will be permitted to proceed *in forma pauperis* in this action for purposes of dismissal only.

## PRELIMINARY SCREENING

### I. Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting

1

preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his confinement at the Baldwin State Prison. Plaintiff alleges that on September 22nd, he informed officers at the prison that his sister had passed away. Compl. 5, ECF No. 1. Plaintiff states that he then told Sergeant Ingram and Lieutenant Preseol—neither of whom are named as Defendants in this case—that he was going to kill himself. *Id.* Ingram and Preseol took no action, but instead "laughed in [Plaintiff's] face" and locked his tray flap. *Id.* Plaintiff states that he filed a grievance and an appeal regarding this issue, but was "wrote[] . . . up" and "put in the hold" by unnamed parties as a result. *Id.* at 4. Plaintiff filed this Complaint on September 25, 2017. *Id.* at 6.

42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

3

available are exhausted." This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process before filing suit in federal court. *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000); *see also Woodford v. Ngo,* 548 U.S. 81, 93 (2006). The exhaustion of available administrative remedies is a mandatory requirement and cannot be waived even when the grievance process is futile or inadequate. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Although failure to exhaust is an affirmative defense, dismissal of a complaint is warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court and thereby cannot state a claim for relief. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam).

As stated above, it is plain on the face of the Complaint that Plaintiff filed the present action in federal court on the third day after the incident giving rise to this lawsuit, and he provides no factual detail regarding to whom he complained and whether his grievance or appeal was granted or denied. Thus, even if it is presumed that Plaintiff filed the grievance on the same day of the incident, it is apparent that Plaintiff failed to allow jail officials sufficient time and opportunity to both respond to his grievance and to address his appeal prior to filing this lawsuit. *See, e.g., Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (per curiam) (Georgia inmate failed to exhaust administrative remedies where

4

he failed to appeal grievable claims after presenting to the appropriate party); *see also Woodford*, 548 U.S. at 95 (holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"); *Clark v. Owens*, Civil No. 5:15-CV-0202-MTT-MSH, 2015 WL 10044277, at *3 (M.D. Ga. Dec. 23, 2015) (noting that Georgia Department of Corrections Standard Operating Procedures requires prisoner to file appeal of original grievance to Central Office where commissioner has 100 days to deliver decision on appeal); *Brand v. Hamilton*, No. 3:10cv377/LAC/MD, 2010 WL 4973358, at *3 (N.D. Fla. Oct. 27, 2010) ("Clearly, the two days between the event complained of and the signing of the complaint would not have been sufficient time to pursue and exhaust administrative remedies available to [the prisoner]."). Plaintiff has thus failed to state a viable claim for relief. *See Jones*, 549 U.S. at 215.

Even if the Court were to assume that Plaintiff had properly exhausted his claims, however, Plaintiff's sparsely-worded Complaint, as drafted, still fails to state a claim upon which relief may be granted. Plaintiff makes no factual allegations in the body of his Complaint against either of the named Defendants, Taylor or Peterson.[1] Plaintiff's claims could be dismissed on this ground alone. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th

---

[1] In fact, although Plaintiff lists "Ken Peterson" in the caption of his Complaint, he does not mention this Defendant in the body of his Complaint or even identify him as a Defendant in the section of the § 1983 form requiring Plaintiff to list each Defendant's full name, official position, and place of employment. *See* Compl. 4, ECF No. 1 (listing Defendant Taylor as only Defendant in this case and identifying him as the warden of Baldwin State Prison). It is therefore entirely unclear that Plaintiff intended to name Peterson as a Defendant in this case at all.

5

Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). Even if the Court were to assume that Plaintiff believes either named Defendant should be liable for the conduct of Ingram or Preseol, Plaintiff has still failed to state a claim. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff alleges no facts suggesting that either Defendant Taylor or Defendant Peterson personally participated in any conduct violating Plaintiff's constitutional rights, that a history of widespread abuse or improper custom or policy existed, or that Defendants directed their subordinates to act unlawfully or that they knew they were doing so and

6

failed to stop them. Plaintiff has therefore failed to allege a basis for holding the named Defendants liable in this case.

For these reasons, and because it does not appear that the statute of limitations would bar Plaintiff from refiling his claims if he acts promptly to take such action, Plaintiff's Complaint is hereby **DISMISSED without prejudice**. Plaintiff shall be permitted to proceed *in forma pauperis* for purposes of this dismissal only.

**SO ORDERED** this 3rd day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT